IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-02335-RBJ

VICTORIA COURTNEY, on behalf of Clyde Courtney, deceased,

    Plaintiff,

v.

CLASS TRANSPORATION, INC., a Florida corporation
CER TRANSPORT, INC., a Florida corporation,
LANDSTAR SYSTEMS, INC, a Florida corporation,
LANDSTAR INWAY, INC., a Florida corporation,
LANDSTAR RANGER, INC., a Florida corporation,
LANDSTAR TRANSPORATATION LOGISTICS, INC., a Florida corporation,
STEEL KING INDUSTRIES, INC., a Wisconsin corporation, and
ISIDRO ARIAS-AGUILERA, an individual,

    Defendants.

---

ORDER ON PENDING MOTIONS

---

The Court thought the various settlements brought this case to a close, but unfortunately that has not proven to be the case. The Court here addresses the remaining motions.

### A. [YRC]'s Motion for Enforcement of Settlement Agreement, ECF No. 168.

On August 10, 2020 plaintiff's counsel Mark Emison sent an email to YMC's counsel Alan Greenberg proposing a settlement as follows:

> Alan, I have communicated YRC's offer to my client to resolve the lien on her wrongful death lawsuit. While she does not accept YRC's offer, in order to come to an agreement and resolve your client's worker's compensation/subrogation interest and avoid a future dispute, Victoria is willing to offer your client 50% of her net recovery (after our atty fees and case expenses) in the pending wrongful death case, not to exceed the total amount of your client's interest. In other works

1

> [sic], if 50% of Ms. Courtney's net proceeds exceeds the amount of your client's lien, your client's recovery will be capped at the full amount of your client's subrogation interest and cannot be a higher amount. As discussed, our firm will continue to litigate her claim and hire the necessary experts. Please let us know your client's response.

ECF No. 168-1.

YRC accepted the offer. However, plaintiff's counsel subsequently decided that in addition to his attorney's fees and case expenses, an additional $85,640.01 should be deducted before splitting the remainder. His rationale was that "[u]nder Missouri law, the wrongful death carrier's right to subrogation is limited to the amount paid to the surviving spouse and does not attach to the non-dependent family members who have not received wrongful death benefits." ECF No. 168-2. When YRC responded that this was not the agreement the parties had made, Mr. Emison filed a petition in the Circuit Court of Jackson County, Missouri seeking a declaratory judgment that plaintiff is entitled to the $85,640.01. ECF No. 168-4. This Court has not been informed as to whether any orders have been issued by that court.

This Court finds and concludes that the issue is a matter of the interpretation of a settlement agreement entered into by two parties to a case pending in this Court. Mr. Emison's request that a Missouri state court interpret the contract is nothing less than forum shopping, although I have little doubt that the Missouri court would interpret the contract as this Court does. Mr. Emison proposed the terms of the parties' settlement. In his own language the term "net proceeds" was defined in his parenthetical to mean net of plaintiff's attorney's fees and case costs. He could have defined "net recovery" or "net proceeds" to be net of his attorney's fees and case costs plus some other amount, but he did not. To any extent that it could be argued that Mr. Emison's language was ambiguous (which the Court finds that it is not), the Court would

construe the language against the draftsman. Mr. Emison is the agent of his client and was acting on her behalf in proposing the settlement.

Accordingly, YRC's motion to enforce the settlement is granted. The parties' agreement, as interpreted in this order, is to be given effect by the parties. To the extent that plaintiff is requesting an order that YRC pay $85,640.01 to the plaintiff (as he requests in the Missouri action, *see* ECF No. 168-4 at 9, item "d.,") the request is denied. This Court has a great deal of sympathy for Mrs. Courtney and her family, who all experienced a horrific tragedy, but that does not give her counsel leave to renege on a deal.

### B. "Plaintiff's Opposed Motion to Revise the July 7, 2021 'Final Judgment,'" ECF No. 174.

The Tenth Circuit has noted two concerns about whether this Court's Final Judgment as entered on July 7, 2021 was final for purposes of appeal. ECF No. 172. The Court addresses those concerns here.

First, was plaintiff's notice of voluntary dismissal of her claims against CER Transportation, Inc. [sic], Class Transportation, Inc., and Isidro Arias-Aguilera, ECF No. 169, effective, citing Fed. R. Civ. P. 41(a)(1)(A)(i)? The answer is plainly "no." All three defendants had filed answers, ECF Nos. 81 and 84, thus rendering plaintiff's notice of voluntary dismissal inappropriate. To remedy the situation, the Court dismisses plaintiff's claims against those defendants with prejudice pursuant to Rule 41(a)(1)(B).

Second, have Intervenor-Plaintiff YRC Freight, Inc.'s claims, if any, been resolved? As the Circuit noted, the Court granted YRC's motion to intervene, ECF No. 75, on April 29, 2020. ECF No. 88. YRC's complaint, ECF No. 75-2, filed as an exhibit to its motion to intervene, was

never explicitly accepted for filing except as might be inferred from the granting of the motion to intervene. To make it explicit, the Court is by this order granting YRC's pending Motion for *Nunc Pro Tunc* Entry of Complaint. ECF No. 177. The plaintiff and YRC have settled, and the Court by this order has granted YRC's motion to enforce settlement. ECF No. 168.

C. **Intervenor's "Motion for *Nunc Pro Tunc* Entry of Complaint in Intervenor," ECF No. 177.**

The Court granted YRC Freight, Inc.'s motion to intervene on April 29, 2020. ECF No. 88. YRC tendered a Complaint with its motion, ECF No. 75-2. The Court implicitly, but not explicitly, accepted the Complaint for filing. To remedy the oversight, the Court grants YRC's motion to accept its complaint for filing *nunc pro tunc* April 29, 2020. The parties subsequently entered into a settlement, as discussed earlier in this order.

## ORDER

1. Intervenor YRC Freight, Inc.'s motion for enforcement of settlement, ECF No. 168, is GRANTED.

2. Plaintiff's motion to alter or amend the Final Judgment, ECF No. 174, is GRANTED IN PART AND DENIED IN PART. It is granted to the extent that plaintiff's motion to dismiss her claims against CER Transport, Inc., Class Transportation, Inc., and Isidro Arias-Aguilera are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(B), each party to bear its own costs and fees. It is denied to the extent that it requested an order dismissing as unpled the claims of plaintiff-intervenor YRC Freight, Inc.

3. Intervenor YRC Freight, Inc. motion for *nunc pro tunc* entry of complaint in intervention, ECF No. 177, is GRANTED.

4. An Amended Final Judgment will enter reflecting the foregoing orders.

DATED this 15th day of September, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge